

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable T. M. Trimble, First Assistant
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Opinion Number O-5572
Re: Under the provisions of House
Bill No. 457, 48th Legislature,
may the County Superintendent
and Board of Trustees of Madi-
son County assume complete
control of a Negro School dis-
trict within that county?

We are in receipt of your communication of recent
date reading as follows:

"The County Superintendent and County Board
of Trustees of Madison County, acting under the
provisions of H. B. No. 457, enacted by the 48th
Legislature, have assumed complete control of a
Negro school district within that County.

"I would appreciate your opinion as to whether
the law referred to above gives the County Super-
intendent and County Board of Trustees of Madison
County such authority."

We have ascertained from our conversation with you
how House Bill No. 457 was vetoed by the Governor and that
the contention is being made that because the Governor per-
mitted the bill to remain on his desk for seventeen days

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION

Honorable T. M. Trimble, page #2

without his signature or veto the bill became law by limi-
tation and that his veto came too late.

We have examined a copy of the bill mentioned, the
caption of which reads as follows:

"AN ACT providing for the control and manage-
ment of the affairs of the Chappell Hill Inde-
pendent School District in Madison County, Texas,
to be vested in the County Board of School Trus-
tees; providing that the control and management
of said District shall hereafter be vested in
the County Board of School Trustees to be exer-
cised by it in the manner now authorized by ex-
isting laws; repealing all laws and parts of laws
in conflict with this Act; and declaring an emer-
gency."

This bill is clearly a local or special law since it
applies to only one school district in the State of Texas.

Replying to your inquiry, it is our opinion that it is
immaterial whether the Governor signed or vetoed the bill for
the reason that it is unconstitutional because in violation of
Article 3, Section 56, of the State Constitution, which pro-
vides that — "The Legislature shall not, except as otherwise
provided in this Constitution, pass any local or special law
regulating the affairs of * * * school districts." Prior to
January 1, 1927, the Legislature was authorized by Article 7,
Section 3, to provide for the formation of school districts by
general or special law, and this was held to be an exception
to Article 3, Section 56, supra, but the 1927 amendment to
Section 3 of Article 7 authorized the Legislature to provide
for the formation of school districts by general law, thereby
destroying the only exception to the power of the Legislature
to pass local or special laws regulating the affairs of school
districts. County School Trustees of Orange County, et al.,
vs. District Trustees of Prairie View C. S. D. #8, 153 S. W.
(2d) 434.

Honorable T. M. Trimble, page #3

It is our opinion that House Bill No. 457, enacted by the Forty-eighth Legislature, is absolutely void, and that the County Superintendent and County Board of Trustees of Madison County are not authorized to assume control of the Chappell Hill Independent School District, under authority of said Act.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED AUG 31, 1943

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

By C. F. Gibson
C. F. Gibson
Assistant

CFG-s

APPROVED
OPINION
COMMITTEE
BY BWB